UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA THOMAS HEAD,

        Plaintiff,

v.

RHEA LEE WISE,

        Defendant.
_____/

Case No. 1:22-cv-464

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Joshua Thomas Head against Rhea Lee Wise. For the reasons set forth below, this complaint should be dismissed.

Plaintiff's complaint consists of two pages alleging claims of "Personal Injury #320 [sic]; Assault; Libel & Slander." Compl. (ECF No. 1, PageID.2). Plaintiff alleged diversity jurisdiction, but also included a federal statutory claim on the Civil Cover Sheet (ECF No. 1-1, PageID.3). The complaint alleged five facts: (1) "Defendant has made multiple false allegations resulting in loss of home, family, family business, and time"; (2) "Defendant has attacked plaintiff causing bodily harm"; (3) "Defendant has instructed others to assault Plaintiff resulting in confrontation and loss of freedoms"; (4) "False claims have halted relationship between Plaintiff and his children"; and, (5) "Ongoing legal disturbances because of false claims". Compl. at PageID.2. For his relief, plaintiff wants: (1) "Return of children and restoration of Plaintiff and childrens [sic] rights"; "Return of any remains of family business and childrens [sic] property"; (3) "Name cleared and bond returned"; and, (4) "Any other relief the court finds sufficient." *Id*.

## II. Discussion

### A. Lack of subject matter jurisdiction

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Plaintiff has two potential sources of jurisdiction: federal question jurisdiction and diversity jurisdiction. The Court will review jurisdiction as a "facial attack" on the allegations set forth in the complaint. "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "When reviewing a facial attack, a district court takes the allegations in the complaint as true[.]" *Id.* Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However,

while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

"Federal-question jurisdiction exists when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In liberally construing the complaint, the Court has reviewed plaintiff's civil cover sheet, which refers to a federal criminal statute, 18 U.S.C. § 113 ("Assaults within maritime and territorial jurisdiction"), and states that "Defendant physically and verbally attacked." *See* Cover Sheet.

As an initial matter, plaintiff cannot prosecute defendant under this criminal statute. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). To the extent that plaintiff seeks to file a civil claim against defendant under 18 U.S.C. § 113, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Jennings v. Bennett*, No. 1:17-cv-555, 2017 WL 3712176, at *12 (W.D. Mich. Aug. 29, 2017), quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979). As a general rule, courts have determined that 18 U.S.C. § 113 does not create a private cause of action. *See Risley v. Hawk*, 918 F. Supp. 18, 21 (D.D.C. 1996), *affirmed*, 108 F.3d 1396 (D.C. Cir. 1997); *Jones v. Hennepin County Medical Center*, No. CV 20-497 (PAM/BRT), 2020 WL 4559425 at *1 (D. Minn. Aug. 7, 2020); *Lumumba v. Marquis*, No. 2:13 CV 69, 2013 WL 5429429 at *4 (D. Vt.

3

Sept. 30, 2013).  While the Sixth Circuit recognized an exception to this rule, the exception does not apply here.[1]  Accordingly, there is no federal question jurisdiction.

As discussed, the complaint itself identified the basis of jurisdiction as "Diversity."  Compl. at PageID.2.  The diversity statute, 28 U.S.C. § 1332 provides in pertinent part that,

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1).  According to the caption of the complaint, plaintiff lives in Punta Gorda, Florida, and defendant lives in Galesburg, Michigan.  Compl. at PageID.1.  For purposes of this report, the Court will assume that plaintiff is a citizen of Florida and that defendant is a citizen of Michigan, and that the controversy involves citizens of different states.  However, plaintiff did not allege that the amount in controversy exceeds $75,000.00.   Plaintiff's complaint fails to meet the requirements of 28 U.S.C. § 1332(a).  For all of these reasons, the complaint should be dismissed for lack of subject matter jurisdiction.

### B.    Failure to state a claim

Even if the Court had subject matter jurisdiction, this action should be dismissed.  The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915.  *See* Order (ECF No. 4).  For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),

---

[1] In *Chumney v. Nixon*, 615 F.2d 389 (6th Cir.1980), the court addressed an alleged assault which occurred in an aircraft, at an altitude of 29,000 feet, over the Brazilian jungle, en route from Rio de Janeiro to Memphis, Tennessee. *Chumney*, 615 F.2d at 389-91.  In *Chumney*, the Sixth Circuit allowed the plaintiff to bring a civil cause of action for assault against the defendants in the United States District Court for the Western District of Tennessee.  *Id*. This civil claim was derived from 18 U.S.C. § 113, which the court described as "a criminal statute designed to protect law abiding passengers on such an aircraft from either simple or felonious assault."  *Id*. at 391.  Here, plaintiff has not alleged any facts which suggest that an assault occurred during an international flight en route to the United States. *See also*, *Margolis v. United Airlines, Inc.*, 811 F. Supp. 318, 324 fn. 6 (E.D. Mich. 1993) ("*Chumney* held only that under a criminal law providing for the punishment of persons guilty of assault on an airplane, there is a private right of action. The Sixth Circuit remanded to the district court the issue of whether the FAA and the corresponding regulations apply to an action against an airline claiming that the airline should have controlled passengers' drinking of alcoholic beverages. The Court dismissed the plaintiff's claim against the air carrier under [49 U.S.C.] § 1374 without explanation.").

which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted." In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007).  *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  As discussed, while *pro se* pleadings are to be liberally construed, "this court is not required to conjure up unpled allegations." *Dietz*, 100 Fed. Appx. at 338.  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Here, the complaint does not contain sufficient factual allegations to state a claim to relief that is plausible on its face.  The complaint fails to comply with the basic requirements of a complaint as set forth in Fed. R. Civ. P. 8, *i.e.*, a short and plain statement of the grounds for the

5

court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief. Here, plaintiff alleged a conclusory list of unsupported allegations against defendant which include making false claims resulting in financial loss, attacking plaintiff causing bodily harm, engaging others to assault plaintiff, and causing "[o]ngoing legal disturbances because of false claims." Plaintiff's cursory complaint consists of nothing more than a collection of the "defendant - unlawfully - harmed - me accusation[s]" which is insufficient to state a claim on which relief can be granted. *See Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### III. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED** for lack of federal subject matter jurisdiction and for failing to state a claim on which relief may be granted.

Date    June 24, 2022            /s/ Ray Kent
                                 RAY KENT
                                 U.S. Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).